**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **TIMOTHY GUY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-14-SDD-EWD** |
| **MERCER TRANSPORTATION CO., INC. ET AL.** | |

**NOTICE AND ORDER**

This is a civil action involving claims for damages based upon the injuries allegedly sustained by Timothy Guy ("Plaintiff"), as a result of a motor vehicle accident that occurred on or about November 19, 2016.[1] On or about November 13, 2017, Plaintiff filed a Petition for Damages against Mercer Transportation Co., Inc. ("Mercer"), Ace American Insurance Company ("Ace") and Jerry Fitzgerald (collectively, "Defendants") in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.[2] Defendants removed the matter to this Court on January 8, 2018, on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a).[3]

The Notice of Removal contains the following allegations regarding the citizenship of the parties:

> 2.
> The plaintiff is, upon information and belief, a person of the full age of majority, domiciled in the Parish of East Baton Rouge, State of Louisiana.
> 3.
> Made defendants are Mercer Transportation Co., Inc. ("Mercer"), a foreign corporation with its principal place of business in Louisville, Kentucky; Ace American Insurance Company ("Ace"), a foreign

---

[1] R. Doc. 1-3 at ¶ 3.
[2] R. Doc. 1-3.
[3] R. Doc. 1 at Introductory Paragraph.

insurer, and Jerry Fitzgerald ("Fitzgerald"), an individual of the full age of majority, domiciled in Monroe County, Mississippi.[4]

Proper information regarding the citizenship of all parties is necessary to establish the Court's diversity jurisdiction, as well as to make the determination required under 28 U.S.C. § 1441 regarding whether the case was properly removed to this Court. Citizenship has not been adequately alleged in the Notice of Removal. While the citizenship of the plaintiff, Timothy Guy, and defendant Jerry Fitzgerald has been properly alleged,[5] the citizenship of Mercer and Ace has not been adequately alleged in the Notice of Removal. With respect to Mercer, which Defendants allege is "a foreign corporation with its principal place of business in Louisville, Kentucky,"[6] the Fifth Circuit has held that, "For diversity jurisdiction purposes, a corporation is a citizen of the state in which it was incorporated and the state in which it has its principal place of business." *Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (*citing* 28 U.S.C. § 1332(c)). Thus, to properly allege the citizenship of a corporation, a party must identify the place of incorporation and the corporation's principal place of business in accordance with the requirements of 28 U.S.C. § 1332(c).

With respect to Ace, the Notice of Removal fails to specify what form of entity it is, alleging only that it is "a foreign insurer."[7] If Ace is a corporation, Defendants must allege the place of incorporation and principal place of business. *See*, 28 U.S.C. § 1332(c). If, however, Ace is an unincorporated association or a limited liability company, Defendants must allege the domicile of each member of the entity. *See*, *Harvey v. Grey Wolf Drilling Co*., 542 F.3d 1077, 1080 (5th Cir. 2008). The Fifth Circuit has held that the citizenship of an unincorporated

---

[4] R. Doc. 1 at ¶¶ 2-3.
[5] The Fifth Circuit has explained that, "For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient." *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (citations omitted).
[6] R. Doc. 1 at ¶ 3.
[7] *Id*.

association or a limited liability company is determined by considering the citizenship of all its members. *Id*. Thus, to properly allege the citizenship of an unincorporated association or a limited liability company, a party must identify each of the members of the unincorporated association or limited liability company and the citizenship of each member in accordance with the requirements of 28 U.S.C. § 1332(a) and (c). The same requirement applies to any member which is also an unincorporated association or a limited liability company. *See, Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd*., Civ. A. No. 06-88-A, 2007 WL 2848154, at *4 (M.D. La. Sept. 24, 2007) ("when partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [so] can result in dismissal for want of jurisdiction.") (citations omitted).

With respect to the amount in controversy, the Notice of Removal contains the following allegations:

> 6.
> Counsel for the plaintiff has provided undersigned counsel with medical records and medical billing records reflecting total medical expenses to-date of $31,696.00. His diagnoses include a herniated at disc [sic] C3-4, a mild neurocognitive disorder, post-traumatic stress disorder and somatic symptom disorder, insomnia and degenerative joint disease at his left AC joint. Plaintiff's treatment thus far includes two cervical epidural steroid injections; a steroid injection and a trigger point injection at his left shoulder; physical therapy and chiropractic care; clinical psychologist counseling; a neuropsychology exam; and numerous diagnostic imaging. The plaintiff continues to treat with a neurosurgeon and anesthesiologist.
>
> These medical and billing records, together with any future medical expenses, lost wages and general damages, are sufficient evidence that the amount in controversy could exceed the jurisdictional threshold. *Lopez v. Wal-Mart Louisiana, LLC*, 2015 WL 3473015, p. 2 (W.D. La. 6/1/15); *Lee v. Dillon*, 2012 WL 3263882 (W.D. La. Shreveport Div., 8/8/12), *citing Boyd v. Kmart Corporation*, 1998 WL 151432 (E.D. La. 3/25/98).

It is not apparent from the face of the Petition for Damages or the Notice of Removal that Plaintiff's claims in this matter are likely to exceed $75,000. In the Petition, Plaintiff alleges that as a result of the accident, he suffered "various severe and permanently disabling injuries" and seeks damages for her injuries including, but not limited to, past, present and future physical pain and suffering; past, present and future mental anguish and/or emotional distress; past, present and future disability and/or impairment; past, present and future lost wages and/or loss of earning capacity; past, present and future loss of enjoyment of life; and past, present and future medical expenses.[8] While Plaintiff seeks several items of damages, there is no indication of the nature or severity of his injuries. "Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test." *Davis v. JK & T Wings, Inc.*, Civ. A. No. 11-501-BAJ-DLD, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012) (and cases cited therein).

Further, the cases cited by Defendants are distinguishable from the facts of this case, as there is no evidence of a surgery recommendation, as was the case in *Lopez v. Wal-Mart Louisiana, LLC*, Civ. A. No. 2:14-2698, 2015 WL 3473015, at *2-3 (W.D. La. June 1, 2015), nor has Plaintiff alleged a severe back injury that resulted in a seven-day hospital stay, like the plaintiff in *Lee v. Dillon*, Civ. A. No. 12-cv-1413, 2012 WL 3263882, at *2 (W.D. La. Aug. 8, 2012). Although the Notice of Removal asserts that the amount in controversy is met, at least in part, based upon Plaintiff's diagnosis of a herniated disc at C3-4,[9] this Court has previously held that, "[w]hether or not a herniated disc satisfies the amount in controversy often turns on whether surgery is

---

[8] R. Doc. 1-3 a ¶ 8.
[9] R. Doc. 1 at ¶ 6.

recommended." *Thomas v. Louis Dreyfus Commodities, LLC*, Civ. A. No. 15-394-SDD-RLB, 2016 WL 1317937, at *4 (M.D. La. Mar. 11, 2016), *report and recommendation adopted*, 2016 WL 1337655 (M.D. La. Apr. 1, 2016) (internal quotation omitted). "[C]ourts have found the lack of a recommendation for surgery to be significant in determining whether a plaintiff seeking damages including those for a herniated disc meets the amount in controversy requirement when balanced with other factors in the record." *Id.*; *See, e.g., Hebert v. Hanco Nat. Ins. Co.*, Civ. A. No. 07–362, 2009 WL 255948, at *4–5 (M.D. La. Feb. 3, 2009) (amount in controversy not satisfied where plaintiff "suffers from a herniated disc, without any recommendation for surgery" and the plaintiff "continues to work, continues to engage in activities of daily living, and does not seek damages for mental anguish"); *Espadron v. State Farm Mut. Auto. Ins. Co.*, Civ. A. No. 10-53, 2010 WL 3168417 (E.D. La. Aug. 9, 2010) (amount in controversy not satisfied where plaintiff in car crash suffered a "herniated cervical disc [or] segmental cervical instability" and a "herniated lumbar disc [or] segmental lumbosacral instability" and was a "potential surgical candidate" and plaintiff stipulated that his damages did not exceed $50,000).

Although Plaintiff has not filed a Motion to Remand, the Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically, whether the amount in controversy requirement has been met.

Accordingly,

**IT IS HEREBY ORDERED** that Mercer Transportation Co., Inc., Ace American Insurance Company and Jerry Fitzgerald (collectively, "Defendants") shall have seven (7) days from the date of this Notice and Order to file a comprehensive amended Notice of Removal (*i.e.*, it may not refer back to or rely on any previous pleading) without further leave of Court properly

setting forth the citizenship particulars required to establish that the Court has diversity jurisdiction over this case under 28 U.S.C. § 1332(a).

**IT IS FURTHER ORDERED** that Defendants shall file a memorandum and supporting evidence concerning subject matter jurisdiction under 28 U.S.C. § 1332(a) within ten (10) days of the date of this Notice and Order, and that Plaintiff shall either file a memorandum and supporting evidence regarding subject matter jurisdiction or a Motion to Remand for lack of subject matter jurisdiction within ten (10) days after the filing of Defendants' memorandum. The supplemental memoranda shall be limited to ten (10) pages and shall specifically address whether the amount in controversy is satisfied in this case. Once the Court has reviewed the supplemental memoranda, the Court will either allow the case to proceed if jurisdiction is present or address the Motion to Remand filed by Plaintiff.

Signed in Baton Rouge, Louisiana, on January 11, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**